UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN M. BUDA and ROBERT L. KEEGAN,

        Plaintiffs,                      Case Number 11-12076
                                                Honorable David M. Lawson
v.                                           Magistrate Judge Charles E. Binder

SUSAN DAVIS, LAURA S. HEINRITZ, DANIEL
R. CAMERON, ROBERT J. BROTHERS, II,
BOBBIE BIVENS, DARRELL MONDAY, VICKIE
ORTIZ, FLOSSIE R. ANDERSON, JOHN
PRELESNICK, BARBARA HARDING,
KATHLEEN MUTCHLER, DENNIS PERRY,
EDNA UPTON, JOHN PAYNE, SAMANTHA
JOHNSON, CORRECTIONAL MEDICAL
SYSTEMS, INC., and JOHN DOES,

        Defendants.
_____/

## ORDER GRANTING MOTION TO EXTEND TIME TO SERVE SUMMONSES

The matter is before the Court on the plaintiffs' motion to extend time to serve defendants Robert J. Brothers, II, Bobbie Bivens, Flossie R. Anderson, Kathleen Mutchler, Dennis Perry, and Edna Upton, all employees or former employees of the Michigan Department of Corrections (MDOC).

Generally, a plaintiff must serve each defendant with a copy of the summons and complaint within 120 days after filing the complaint. The deadline, however, must be extended "for an appropriate period" if "the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m); *see United States ex rel. Kalish v. Desnick*, 765 F. Supp. 1352, 1355 (N.D. Ill. 1991) (construing "good cause" showing required by government to obtain extension under 31 U.S.C. § 3730(b)(3)). A party shows good cause by demonstrating a "reasonable justification" for its failure to complete the requested task within the time prescribed. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)

(construing "good cause" for failure to present new evidence in prior Social Security proceeding under 42 U.S.C. § 405(g)). It may do so by advancing specific facts that describe the magnitude of the undertaking, the time available for completion, and circumstances which would prevent a reasonable person from performing within the time allowed by a statute or court rule. *Kalish*, 765 F. Supp. at 1354. For example, good cause is shown when "the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m) cmt. to 1993 amends. (citing *Ditkof v. Owens-Illinois, Inc.*, 114 F.R.D. 104, 105 (E.D. Mich. 1987)). Generalizations and conclusory allegations will not suffice. *Ibid.* The Court exercises its discretion to determine whether this showing has been made. *See Friedman v. Estate of Prosser*, 929 F.2d 1151, 1157 (6th Cir. 1991).

The plaintiffs filed their complaint on May 11, 2001, and the Court issued summonses the same day. On May 26, 2011, Mark Donnelly, assistant Michigan attorney general sent plaintiffs' counsel correspondence indicating that defendants Anderson, Bivens, Brothers, Cameron, Harding, Heinritz, Johnson, Monday, Mutschler, Ortiz, Payne, Perry, Prelesnik, and Upton could be served by sending a copy of the complaint and a waiver of service by regular mail to their current work location within the MDOC. Mark Donnelly apparently is assigned to the litigation unit for matters involving the MDOC. The correspondence also included a list of the defendants' current work locations.

On June 28, 2011, in accordance with Donnelly's instructions, the plaintiffs attempted to serve Robert Brothers, II at the Earnest C. Brooks Correctional Facility. The plaintiffs' mailing was returned, stating that additional information was required. The plaintiffs have hired an investigator to attempt to locate a home address for defendant Robert Brothers, II.

On June 28, 2011, the plaintiffs attempted to serve Bobbie Bivens at the Huron Valley Correctional Facility, but their mailing was returned, stating that additional information was required. The plaintiffs attempted to serve Bivens a second time on August 17, 2011 with the added address line of "In patient Services Department". The plaintiffs' mailing was returned with a statement that Bobbie Bivens was no longer employed by the MDOC. The plaintiffs have hired an investigator to attempt to locate a home address for defendant Bobbie Bivens.

On June 28, 2011, the plaintiffs attempted to serve Flossie Anderson at the Macomb Correctional Facility, but their mailing was returned, stating that Anderson was on vacation until July 18, 2011. The plaintiffs attempted to serve Anderson a second time on August 10, 2011. The plaintiffs' mailing was returned, and they were informed that Anderson would be on extended leave until September 13, 2011.

On June 28, 2011, the plaintiffs attempted to serve Kathleen Mutchler at the Richard A. Handlon Correctional Facility. The plaintiffs' mailing was returned with a letter indicating that Mutchler could be served at the Grandview Plaza Building in Lansing, Michigan. The plaintiffs attempt to serve Mutchler at the Grandview Plaza Building on August 10, 2011 but were unsuccessful. The plaintiffs have hired an investigator to attempt to locate a home address for defendant Kathleen Mutchler. Similar attempts to serve defendants Dennis Perry and Edna Upton were fruitless.

The Court finds that the plaintiffs have demonstrated good cause for their failure to serve defendants Robert J. Brothers, II, Bobbie Bivens, Flossie R. Anderson, Kathleen Mutchler, Dennis Perry, and Edna Upton and will extend the time for service.

Accordingly, it is **ORDERED** that the plaintiffs' *ex parte* motion to extend summonses [dkt. #19] is **GRANTED**.

It is further **ORDERED** that the plaintiffs must serve defendants Robert J. Brothers, II, Bobbie Bivens, Flossie R. Anderson, Kathleen Mutchler, Dennis Perry, and Edna Upton with the summons and a copy of the complaint **on or before December 7, 2011**.

It is further ordered that Mark Donnelly, assistant Michigan attorney general, shall provide plaintiffs' counsel with the last known home addresses of defendants Robert J. Brothers, II, Bobbie Bivens, Flossie R. Anderson, Kathleen Mutchler, Dennis Perry, and Edna Upton **on or before September 22, 2011**. Plaintiffs' counsel may use those addresses only to effectuate service and may not disclose them except for that purpose.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   September 15, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 15, 2011.

s/Deborah R. Tofil  
DEBORAH R. TOFIL